IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LEONIDAS O. BARDIN                                                                                          PLAINTIFF
ADC #139896
F/K/A MATTHEW D. BARDIN

V.                                     NO: 5:13CV00013 SWW/HDY

PAUL MATTHEW WRIGHT *et al.*                                                             DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge H. David Young, and the objections filed. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, ADOPTED IN PART as this Court's findings.

Plaintiff, an inmate at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), brings this action against ADC officers Paul Matthew Wright ("Wright") and James Chaney ("Chaney"), claiming that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff claims that on June 1, 2012, Wright used excessive force against him by spraying him with chemical spray, and Chaney failed to intervene and protect him from Wright's use of excessive force.

Judge Young recommends that Defendants' motion for summary judgment be denied and that Plaintiff's claims against Wright and Chaney proceed to a jury trial. In filed objections, Defendants assert that Judge Young's Proposed Findings are silent regarding the following

1

arguments asserted in support of Defendants' motion for summary judgment: (1) that any potential claims against Chaney must be dismissed for failure to exhaust administrative remedies and (2) that all official capacity claims against Defendants must be dismissed pursuant to the doctrine of sovereign immunity. For reasons that follow, the Court finds that these arguments have merit.

With respect to the exhaustion issue, the applicable ADC grievance procedure, set forth under ADC Administrative Directive 10-32 ("AD 10-32"), requires that prisoners submit written grievance forms stating specific complaints. *See* ECF No. 69-9. Plaintiff filed and exhausted a prison grievance regarding the alleged use of excessive force giving rise to this lawsuit. *See* ECF No. 66-2, 66-3(Grievance No. VSM-12-2297). Specifically, Plaintiff alleged that on July 1, 2012, at approximately 9:05 a.m., Chaney and Wright were collecting mattresses, which antagonized inmates. The grievance contains detailed allegations regarding Wright's alleged use of excessive force, but it is silent as to any misconduct on Chaney's part. Plaintiff's failure to grieve his failure-to-protect claim against Chaney, as required by the ADC grievance procedure, deprived prison officials of the opportunity to investigate and resolve that claim. Accordingly, the Court agrees that Plaintiff's claim against Chaney must be dismissed for failure to exhaust. See *Champion v. Akins*, No. 12-2467, 2013 WL 656797 (8th Cir. Feb. 25, 2013)("While [plaintiff] addressed [defendants] . . . in his grievances about [another officer], he did not state in any exhausted grievance how [defendants] were involved in the grieved incidents, as required by the Arkansas Department of Correction grievance policy.").

Defendants also assert that Plaintiff's official capacity claims for monetary relief are barred under the doctrine of sovereign immunity. The Court agrees. Sovereign immunity, also

known as Eleventh Amendment immunity, bars suits for money damages against state officials sued in their official capacities unless Congress has abrogated the state's immunity or the state consents to suit or waives its immunity. *See Edleman v. Jordan,* 415 U.S. 651, 663 (1974); *Murphy v. Arkansas*, 127 F.3d 750, 754 (1997). Here, the State has not consented to suit or waived its immunity, and Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983. *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991).

Finally, Defendants argue that there are no genuine issues for trial as to whether Wright used reasonable force when he sprayed Plaintiff with pepper spray. A limited application of pepper spray does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *See Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006). By declaration, Wright testifies that before he opened Plaintiff's cell door and used chemical agents, he gave Plaintiff a direct order to cease flooding his cell, and Plaintiff refused to comply. However, Plaintiff testifies that Wright gave him no orders or warning before he sprayed him two times. *See Walker v. Bowersox*, 526 F.3d 1186, 1189 (8th Cir. 2008)(finding jury issues as to whether officer's use of pepper spray was reasonable where officer gave no warning).

IT IS THEREFORE ORDERED THAT:

1. The Proposed Findings and Recommendations (ECF No. 64) are ADOPTED IN PART.

2. Defendants' motion for summary judgment (docket entry #60) is GRANTED IN PART AND DENIED IN PART.

3. Plaintiff may proceed with his claim that Defendant Paul Matthew Wright used

excessive force against him.

4.      Plaintiff's failure-to-protect claim against Defendant James Chaney is dismissed for failure to exhaust administrative remedies, and Defendant Chaney is dismissed as a party to this action.

5.      Any claim regarding the condition of Plaintiff's cell when he returned from his shower is DISMISSED.

6.      Plaintiff's oral motion to voluntarily dismiss his claims against Defendant Jonathan Lightfoot is GRANTED.  Plaintiff's claims against Lightfoot are DISMISSED WITHOUT PREJUDICE, and Lightfoot's name is removed as a party Defendant.

DATED this 28th day of January, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE